DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITY OF POMPANO BEACH,**
Appellant,

v.

**CORAL ROCK DEVELOPMENT GROUP, LLC,** and
**CORAL ROCK POMPANO, LLC,**
Appellees.

No. 4D2024-1263

[December 4, 2024]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE21-004071.

Jeffrey L. Hochman of Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A., Fort Lauderdale, for appellant.

Jenea M. Reed, Andrew E. Stearns, Ezra S. Greenberg, and Alejandro D. Rodriguez of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Miami, for appellees.

KLINGENSMITH, C.J.

The City of Pompano Beach appeals an order denying its sovereign immunity-based motion to dismiss the plaintiffs' third amended complaint, which alleged the City violated a section of Florida's Fair Housing Act. *See* § 760.26, Fla. Stat. (2021). We have jurisdiction, review the case de novo, and reverse. Fla. R. App. P. 9.130(a)(3)(F)(iii); *Sch. Bd. of Broward Cnty. v. State Farm Mut. Auto. Ins. Co.,* 390 So. 3d 27, 29 (Fla. 4th DCA 2024).

The issue of first impression is whether the Florida Legislature waived the sovereign immunity of governmental entities for claims brought under section 760.26, within Florida's Fair Housing Act. Section 760.26 provides: "It is unlawful to discriminate in land use decisions or in the permitting of development based on race, color, national origin, sex, disability, familial status, religion, or, except as otherwise provided by law,

the source of financing of a development or proposed development." (emphasis added).

The plaintiffs are developers who assert that the City violated section 760.26 by discriminating against their affordable housing townhome project based on its source of funding—affordable housing financing. Through a third amended complaint, the developers seek remedies against the City under section 760.35(4) of the Act, including declaratory relief, injunctive relief, damages, and attorneys' fees and costs. *See* § 760.35(4), Fla. Stat. (2021). The City moved to dismiss the complaint, arguing that sovereign immunity protected the City from the developers' claims. The trial court denied the motion without explanation.

We agree with the City that the Act does not include an express waiver of sovereign immunity. Absent an express waiver provision, or unambiguous text permitting claims against governmental entities, the City's protection from suit remains in place. *See Sch. Bd.*, 390 So. 3d at 33.

This court previously considered a school board's claim of sovereign immunity from suit by an automobile insurer seeking to recover reimbursement of personal injury protection benefits paid because of accidents between school buses and private passenger motor vehicles. *Sch. Bd.*, 390 So. 3d at 27. There we detailed the appropriate criteria to determine whether the legislature waived a governmental entity's sovereign immunity. *Id.* at 29-31. *See* Art. X, § 13, Fla. Const. ("Provision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating.").

As we outlined in *School Board*, any statute "purportedly waiving immunity should be strictly construed," and any waiver "must be clear and unequivocal." *Sch. Bd.*, 390 So. 3d. at 29 (first quoting *Dep't of Highway Safety & Motor Vehicles v. Hightower*, 306 So. 3d 1193, 1196 (Fla. 1st DCA 2020); and then quoting *Am. Home Assur. Co. v. Nat'l R.R. Passenger Corp.*, 908 So. 2d 459, 472 (Fla. 2005)). Thus, waiver "should not be found where it can only be inferred from or implied by the text of a statute." *Id.* at 29-30 (quoting *Hightower*, 306 So. 3d at 1196). We explained the reasons for such strict construction:

> These rules of strict construction pertaining to waivers of sovereign immunity exist "for the obvious reason that the immunity of the sovereign is a part of the public policy of the state," which is enforced "as a protection of the public against profligate encroachments on the public treasury." *Spangler*

2

> [*v. Fla. State Tpk. Auth.*], 106 So. 2d [421,] 424 [Fla. 1958].
> Separation of powers principles also underpin the doctrine of
> sovereign immunity. *Am. Home Assur. Co.*, 908 So. 2d at 471
> (citing *Commercial Carrier Corp. v. Indian River County*, 371
> So. 2d 1010, 1022 (Fla. 1979)).

*Sch. Bd.*, 390 So. 3d at 30.

The developers argue that section 760.26 of the Act necessarily applies *only* to local governments by prohibiting specified discriminatory practices, in this case "land use decisions," and therefore it waives sovereign immunity. The City responds that the fact local governments often make land use and permitting decisions only gives rise to an inference that the legislature intended to subject local governments to lawsuits when it adopted section 760.26. We agree with the City that the developers' position requires us to infer an immunity waiver where the Act's express language does not clearly or unequivocally do so.

Accordingly, we reverse the order denying the City's motion to dismiss and remand for the trial court to grant the City's motion.

*Reversed and remanded with directions to grant the motion to dismiss.*

DAMOORGIAN and CIKLIN, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***